**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3523
_____

WEI LIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-293-671)
Immigration Judge:  Honorable Esmeralda Cabrera
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2013

Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 28, 2013 )
_____

OPINION
_____

PER CURIAM

Wei Lin, who proceeds pro se, seeks review of a Board of Immigration Appeals

(BIA) order denying his motion to reopen immigration proceedings.  Lin, who is a citizen

of the People's Republic of China, originally applied for asylum and related relief based

on the one-child policy.  An Immigration Judge denied his applications, finding that Lin

1

had failed to meet the required standard under the Immigration and Nationality Act, and the BIA denied Lin's appeal.

Several years later, Lin filed an untimely motion to reopen. According to Lin, he became a Christian in 2008, following the death of his grandfather, and he communicated his newfound enthusiasm for Christianity to his family back in China, which drew suspicion from local authorities. In his motion, Lin therefore argued that he was entitled to a consideration of his motion to reopen based on the "changed country conditions" exception to the time limitations on pursuing reopening. The BIA held, in essence, that even if it were to discount problems in Lin's new evidentiary submissions, none of Lin's new evidence showed a material change of circumstances in China that would permit him to proceed on his untimely motion to reopen. Lin timely petitioned for review.[1]

We find no abuse of discretion in the BIA's decision. While Lin's personal circumstances have certainly changed, he has not persuasively shown that the country conditions in China—or even his village—have changed materially since he was before the Immigration Judge; his "choice to engage in such . . . activities after being ordered

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the denial of a motion to reopen a final agency order of removal. Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006). We do so for abuse of discretion, and the BIA's denial of a motion to reopen will be upheld unless "arbitrary, irrational, or contrary to law." Rranci v. Att'y Gen., 540 F.3d 165, 171 (3d Cir. 2008). In general, motions to reopen must be filed within 90 days of the date of the final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). However, there is "no time limit on the filing of a motion to reopen if the basis of the motion is . . . changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii). The "previous proceeding" refers to the hearing before the Immigration Judge. Filja v. Gonzales, 447 F.3d 241, 253 (3d Cir. 2006).

deported does not support application of the changed country conditions exception in 8 U.S.C. § 1229a(c)(7)(C)(ii)." Khan v. Att'y Gen., 691 F.3d 488, 497 (3d Cir. 2012). In other words, changed personal circumstances alone do not suffice, as Lin must also demonstrate changed country conditions—and he has not done so. Id. The mere fact that authorities in his village recently took action against his family does not show that conditions have worsened.[2] Hence, we must deny this petition for review.

---

[2] In his brief, Lin argues that his change in personal circumstances could *create* a change in country circumstances. He insists that because the regulations affecting asylum applications account for changed personal circumstances in relation to one-year asylum deadline exceptions, see 8 C.F.R. § 208.4(a)(4)(i)(B), the BIA should recognize a similar exception for reopening with regard to "activities an applicant becomes involved in outside" of the home country. Pet'r's Br. 11–12. However, Lin fails to realize that, while an alien may file a successive asylum application based on changed personal circumstances or changed country conditions pursuant to 8 U.S.C. § 1158(a)(2)(D), this applies only *during* the 90-day reopening window or at any time before the entry of the final order of removal. Afterwards, satisfying the changed-country-conditions requirement is necessary to successfully reopen. See Liu v. Att'y Gen., 555 F.3d 145, 150 (3d Cir. 2009).